NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0367n.06

No. 11-1351

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ANDREW DOBEK, | ) | **FILED** |
| | ) | |
| Petitioner-Appellant, | ) | **Apr 05, 2012** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MARY BERGHUIS, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

Before: MARTIN, COOK, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Petitioner Andrew Dobek went to trial in state court for sexually abusing his step-daughter when she was an adolescent. The complainant made the accusations several years after the alleged abuse, so there was no physical evidence. Thus, the trial became a credibility contest between the complainant, on the one hand, and Dobek and some other people who frequented the house where the alleged abuse occurred, on the other. The jury convicted Dobek of multiple counts of criminal sexual conduct. The trial court sentenced him to a total of 25 to 40 years' imprisonment.

Dobek appealed to the Michigan Court of Appeals, claiming several instances of prosecutorial misconduct. The state court rejected Dobek's challenges. Dobek then filed this habeas

petition with the district court, again presenting claims of prosecutorial misconduct.  The district court denied the petition.  This appeal followed.

In his petition to the district court, Dobek complained about four general categories of misconduct:  vouching for witnesses and other assertions of facts not in evidence during closing argument; denigrating the defense during closing argument; questioning the defendant about his religion during cross-examination; and presenting prejudicial testimony.  In his brief on appeal, Dobek mentions only the first category of claims.  He has therefore waived the others.  *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010).

Dobek first argues that the prosecutor improperly suggested to the jury that she could judge the trial witnesses' credibility better than the jurors could.  Dobek says that the prosecutor told the jurors to "trust" her that the complainant was credible; that she was "here to tell" them that a defense witness was not credible; and that she did not coach the complainant.

The Michigan Court of Appeals considered all of these vouching claims together.  It stated that the claims "lack merit given that the challenged comments reflected arguments from the facts and testimony that the witnesses at issue were credible or worthy of belief." *People v. Dobek*, 732 N.W.2d 546, 556 (Mich. Ct. App. 2007).  In particular, "[t]he prosecutor did not imply that she had some special knowledge that the witnesses were testifying truthfully." *Id.*  Moreover, the court concluded, even if there was some misconduct it "was not so egregious" as to warrant reversal. *Id.* at 556 n.3.  "[T]he trial court instructed the jury that the statements and arguments by counsel were not evidence, and this instruction was sufficient to eliminate any prejudice that possibly resulted." *Id.*  The state court did not flesh out these general conclusions with regard to any particular comment.

Dobek must show that the state court's decision "was contrary to, or involved an unreasonable application of" clear Supreme Court precedent or that it "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254; *see also Fleming v. Metrish*, 556 F.3d 520, 530–32 (6th Cir. 2009). We review the district court's denial of the writ de novo. *Ruhlman v. Brunsman*, 664 F.3d 615, 619 (6th Cir. 2011). In doing so, we may consider specific reasoning that "could have supported" the court's conclusions. *See Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).

A prosecutor should not express her personal opinion as to whether a witness is lying or telling the truth. *See United States v. Young*, 470 U.S. 1, 8 (1985). To rise to the level of a constitutional violation, however, a prosecutor's improper comments must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation omitted).

Here, when arguing that the jury should believe the complainant, the prosecutor said, "Trust me, ladies and gentlemen, if this was a lie . . . [the complainant's] patience would have been exhausted long ago in that it took us two years to get to" trial. The prosecutor had just recounted the various times during the path to trial that the complainant had been required to describe the sexual abuse. Dobek thinks that the phrase "Trust me" instructed the jury to believe the prosecutor's own assessment of the complainant's credibility. The warden responds that "Trust me" was merely a "colloquial introductory phrase" to a permissible argument that the complainant would not have put herself through these traumatic procedures if she had been lying. The state court could have reasonably adopted the warden's reading and concluded that the statement was proper.

The prosecutor also addressed the credibility of Kathleen Dobek, the complainant's mother and the defendant's wife. Her loyalties appeared divided, so it was critical for each side to explain why Kathleen would have believed one story or the other. The prosecutor told the jury that Kathleen had a pattern of "cover[ing] up for" her husband and "bury[ing] [her] head[] in the sand as if it didn't happen." The prosecutor then remarked: "I'm here to tell you . . . don't bury your head in the sand." Here too, Dobek reads "I'm here to tell you" as expressing a personal belief, whereas the warden reads it as merely introductory. Here too, the state court could reasonably adopt the warden's reading. Indeed, that reading seems the most likely, because the prosecutor immediately clarified to the jury that "you are the people who are gonna decide the credibility of these witnesses"; and that doing so "is solely your job."

Similarly, the prosecutor stated, "I would submit to you that you can disregard [the complainant's] mother's testimony as worthless." Then she explained why: "There is no woman that is going to come into this courtroom and want to admit that her husband was doing sexual things with her own child." The state court could have reasonably concluded that the prosecutor was simply arguing as to why a woman in Kathleen Dobek's position might not be credible.

The prosecutor also addressed the suggestion that the complainant "had been coached." The prosecutor said, "She was not coached. She did not go through her testimony with myself." Here the prosecutor sounded like she was speaking from her own memory; and declarations of personal knowledge are improper. *See Young*, 470 U.S. at 7 & n.3, 18. But the state court could reasonably find that the improper remark did not produce an unfair trial. *See Darden*, 477 U.S. at 182. Admittedly, the prosecution's case hinged on the believability of the complainant; and thus there is

some risk that an improper remark going to the complainant's credibility would sway the jury. But the judge instructed the jurors "that their decision was to be made on the basis of the evidence alone, and that the arguments of counsel were not evidence." *Id.* Moreover, as the district court noted, the prosecutor's comment about coaching was arguably made in response to defense suggestions that the complainant had lied on the stand. We cannot say that the state court's decision was "so far out of line with the very general standard" set forth in *Darden* as to entitle Dobek to habeas relief. *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011) (en banc).

Dobek also cites the prosecutor's statements that she had been prosecuting child sexual abuse cases "for 18 years"; that she was "bound to follow the law"; and that "it is not unusual for these cases not to be reported right away." As the state court implicitly acknowledged, these comments suggested personal knowledge on the prosecutor's part. *See Dobek*, 732 N.W.2d at 556. And for that reason the comments were improper. But on balance we think the comments were only marginally prejudicial; and the judge's cautionary instruction that counsel's arguments are not evidence mitigated the potential prejudice still further. The state court reasonably concluded that these improper remarks did not deprive Dobek of his right to a fair trial.

Finally, Dobek claims that prosecutor repeatedly made comments that impermissibly "shifted the burden of proof to him." But he never presented an independent claim along these lines to the Michigan Court of Appeals or to the district court. Neither the Michigan Court of Appeals nor the district court mentioned any burden-shifting claim in their opinions. Having reviewed the record, we conclude that Dobek did not fairly present his burden-shifting claim to the Michigan Court of Appeals. Thus, he has procedurally defaulted it. *See Pudelski v. Wilson*, 576 F.3d 595, 605–06 (6th

No. 11-1351
*Dobek v. Berghuis*

Cir. 2009). Dobek does not try to show cause for the default, which is therefore unexcused. *See*

*Awkal v. Mitchell*, 613 F.3d 629, 646 (6th Cir. 2010) (en banc). Thus, we cannot grant relief on that

claim.

The district court's judgment is affirmed.